IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD KINDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-1516-NJR-RJD |
| | ) |
| KINKAID REEDS CONSERVATION DISTRICT, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Motion for Leave to Proceed *in Forma Pauperis* ("IFP") filed by Plaintiff Edward Kindle (Doc. 2). On January 2, 2019, Mr. Kindle filed his Amended Complaint, purporting to bring an action under the Takings Clause of the Fifth Amendment to the United States Constitution.

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 is meant to ensure that indigent litigants have meaningful access to the federal courts; as such, it applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275-77 (6th Cir. 1997) (overruled on other grounds) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed *in forma pauperis* under § 1915(a).").

Mr. Kindle has demonstrated his indigence in this case. In his motion and

accompanying affidavit, Mr. Kindle states he is unemployed and receives income from disability benefits (Doc. 2). His cash and checking and savings accounts amount to $200 (*Id.*). He owns the property in dispute in his complaint, which he values at $7,000 (*Id.*). He has regular monthly expenses of housing, health insurance, and medical bills that total $1,125 (*Id.*). Based upon the foregoing information, the Court finds that Mr. Kindle is unable to pay the costs of commencing the action.

The Court's inquiry does not end there, however, because Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by a plaintiff seeking to proceed IFP. A court can dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion for IFP requires the undersigned District Judge to review the allegations of the complaint.

In reviewing Mr. Kindle's complaint, the undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing those allegations in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*, 490 at 319.

According to the Amended Complaint, in April 2006, Defendant Kinkaid Reeds

Conservation District ("Kinkaid") installed water meters on Mr. Kindle's property without his permission. Kinkaid sent Mr. Kindle a record of an easement, in an attempt to establish it had permission to use Mr. Kindle's land. Mr. Kindle disputed the legality of the easement, however, and argued it did not pertain to his property. In 2009, Kinkaid filed suit in an Illinois state court to resolve the matter, and the court determined Kinkaid had acquired a prescriptive easement over Mr. Kindle's land. Mr. Kindle commenced this action in August 2018, alleging Kinkaid trespasses on his personal road and driveway to access the water meters, and he is entitled to just compensation under the Takings Clause for Kinkaid's use of his property.

The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. CONST. amend. V. The Takings Clause is incorporated to the States through the Due Process Clause of the Fourteenth Amendment. *Chicago, B. & Q.R. Co. v. Chicago*, 166 U.S. 226 (1897). To state a claim under the Takings Clause, a plaintiff must allege that a state or government actor deprived him of a protected property interest without just compensation. *Story v. Green*, 978 F.2d 60, 62 (2d Cir. 1992); *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000-01 (1984).

In his Amended Complaint, Mr. Kindle asserts Kinkaid has physically invaded his real property and owes him compensation for the use of his land (Doc. 11). While the physical invasion of private property is "[t]he paradigmatic taking requiring just compensation," *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005), Mr. Kindle does not allege that Kinkaid is a state or government actor. "It is beyond cavil that governmental action is required to trigger the application of [the Takings] clause; it does not apply to private parties who are not state or governmental actors." *Flagg v. Yonkers Sav. And Loan Ass'n, FA*, 307 F. Supp. 2d

565, 585 (S.D. N.Y. Mar. 8, 2004).

The Court notes that Mr. Kindle filed a motion to amend, in which he alleges Kinkaid is a governmental entity (Doc. 6). Unfortunately, however, the Amended Complaint does not contain any allegations of state or government action and, therefore, it fails to state a claim for a constitutional violation in accordance with Federal Rule of Civil Procedure 12(b)(6). *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820-21 (7th Cir. 2009) (upholding the dismissal of a claim brought under 42 U.S.C. § 1983 because "the Constitution requires state action which the plaintiffs have failed to effectively plead").

For these reasons, the Amended Complaint (Doc. 11) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.[1] Mr. Kinkaid is **GRANTED** leave to amend his Amended Complaint to fix the deficiency detailed above. Failure to do so will result in the dismissal of this action. Mr. Kindle **SHALL** file his Second Amended Complaint on or before **Wednesday, February 27, 2019**.

**IT IS SO ORDERED.**

DATED: February 6, 2019

                                            **NANCY J. ROSENSTENGEL**
                                            **United States District Judge**

---

[1] Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is inappropriate because Mr. Kindle has "pleaded a colorable claim arising under a law of the United States." *Hallinan*, 570 F.3d at 820-21.